IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                               3:01cr107/LAC
3:06cv377/LAC/MD

JIMMY MERCHANT SR.

## REPORT AND RECOMMENDATION

This matter is before the court upon defendant's memorandum in support of his title 28 U.S.C. § 2255(4) motion (doc. 197).  Defendant has not filed an actual motion on the proper forms as required by Local Rule 5.1(J).  However, requiring him to do so would be futile as his motion is subject to summary dismissal.

BACKGROUND and ANALYSIS

Defendant pleaded guilty to conspiracy to possess with intent to distribute methamphetamine in violation of title 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii) and 846.  He was sentenced on February 26, 2002 to a term of 251 months imprisonment, which was to run concurrent with any undischarged terms of imprisonment.  (Doc. 105 at 2).  On October 8, 2004, defendant submitted a "motion to compel" seeking an answer or explanation from the government with respect to its intent to file a Rule 35 motion, to which the government responded.  (Doc. 167 & 168).  The court denied the defendant's motion requesting review of the government's decision not to file a substantial assistance motion, finding that he had not suggested a constitutionally impermissible motive for its decision.  (Doc. 169).  It also

denied his request for reconsideration on December 14, 2004. (Doc. 175 & 178). The instant § 2255 motion was docketed on September 5, 2006.

In this motion defendant claims that he received ineffective assistance of counsel at sentencing because counsel, as a result of various acts and omissions, did not secure a 5K1 or Rule 35 sentence reduction for him, that counsel was ineffective because he did not appeal, and that counsel should have been present at meetings between the defendant and DEA Agent Claude Posey. Defendant acknowledges that the motion is facially untimely.

Title 28 U.S.C. § 2255 imposes a one year time limitation on the filing of motions under this section. The one year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255. Defendant admits that the instant motion is "belated" but states that it is the result of the discovery of new facts which could only have been discovered through the exercise of due diligence after the normal one year statute of limitations expired. He claims that the one year limitations period should be calculated from May 26, 2006, "when he discovered the facts supporting his arguments for relief through the exercise of due diligence." He claims that May 26, 2006 was the date when he finally learned from Agent Posey that no Rule 35 motion would be forthcoming in his case. Defendant asserts that Agent Posey had a "constitutionally impermissible motive" for not recommending to the United States Attorney that a Rule 35 motion be filed: Posey's former interaction with the defendant in Escambia County Alabama when Agent Posey was a local sheriff's deputy

and defendant was a "small time drug dealer."  Thus, he argues, Agent Posey was discriminatorily "executing a personal vendetta" against him, in great part due to a mistaken belief that the defendant withheld information from him about an Escambia County Alabama murder.

The problems with the instant motion are twofold.  First, it appears that defendant voluntarily chose to relinquish his right to pursue his ineffective assistance of counsel claims in a timely manner, instead holding out hope that he would receive a Rule 35 motion, which was never "promised" to him.  The fact that the hoped-for motion has not materialized does not allow him to turn the clock back to seek previously relinquished avenues of review.      Unless defendant establishes his entitlement to equitable tolling, his motion is time barred.  *Jones v. United States*, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000)).  Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence."  *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)).  It only applies in "truly extraordinary circumstances."  *Johnson*, 340 F.3d at 1226 (citing *Jones v. United States*, 304 F.3d 1035, 1039-40; *Drew*, 297 F.3d at 1286).  The onus is on the defendant to show that he is entitled to this extraordinary relief.  *Johnson*, 340 F.3d at 1226, *Jones,* 304 F.3d at 1040.  In this case, defendant's assertion that he was mislead by Agent Posey over a period of nearly four years that a Rule 35 motion would be forthcoming does not meet his burden.

Second, defendant has not shown that this court has the authority to review the government's decision not to file a Rule 35 motion in his behalf.  Although Rule 35(b) does not define "substantial assistance" several courts have acknowledged that § 5K1.1 of the sentencing guidelines supplies the appropriate parameters for evaluating substantial assistance.  *United States v. Medjuck,* 222 F.R.D. 399 (N.D. Cal. 2004) (adopting the 5K1.1 factors for the use under Rule 35(b)).  See also *United States v. Gangi*, 45 F.3d 28 (2nd Cir. 1995); *Wade v. United States,* 504 U.S. 181 (1992); *United States v. Forney*, 9

F.3d 1492 (11th Cir. 1993); *United States v. Johnson*, 241 F.3d 1049 (8th Cir. 2001). The decision to file a § 5K1 motion is a matter of prosecutorial discretion. *United States v. Nealy,* 232 F.3d 825, 831(11th Cir. 2000), *cert. denied,* 122 S.Ct. 552, 151 L.Ed.2d 428 (2001); *United States v. Forney*, 9 F.3d 1492, 1501 (11th Cir. 1993). The government has a power, not a duty, to file such a motion when a defendant has substantially assisted. *Wade v. United States*, 504 U.S. 181, 185, 112 S.Ct. 1840, 1843, 118 L.Ed.2d 524 (1992). Even plea agreements that require the government *to consider* whether the aid to the prosecution constitutes substantial assistance do not create a contractual duty to file a 5K1 motion. *Forney*, 9 F.3d at 1499-1500. Judicial review of a decision not to file a 5K1 motion is appropriate only where there is an allegation and substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion. *Wade*, 504 U.S. at 185-86, 112 S.Ct. at 1843-44, 118 L.Ed.2d 524; *Nealy*, 232 F.3d at 831. Defendant's assertion that Agent Posey had a personal vendetta against him does not rise to the level of a constitutionally impermissible motivation. See *Forney,* 9 F.3d at 1501-1502 n.5 (the government's decision to make or withhold a substantial assistance motion "is not reviewable for arbitrariness or bad faith"); *Wade*, 504 U.S. at 186; 112 S.Ct. at 1844 (generalized allegations of improper motive are insufficient to entitle a defendant to relief).

Accordingly, it is respectfully RECOMMENDED:

The defendant's motion to vacate as incorporated into his supporting memorandum (doc. 197) be summarily dismissed.

At Pensacola, Florida, this 13th day of September, 2006.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

Case No: 3:01cr107/LAC; 3:06cv377/LAC/MD

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**